E-FILED on    08/20/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARMELLA WONG<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST MAGNUS FIN. CORP.,<br>COUNTRYWIDE HOME LOANS INC.,<br>ALLIANCE TITLE, MORTGAGE ELEC.<br>REGISTRATION SYS., INC.,<br><br>    Defendants. | No. C-09-01612 RMW<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**[Re Docket No. 16]** |

Plaintiff Carmella Wong ("Wong") originally filed this action in state court. On April 13, 2009, defendant Countrywide Home Loans Inc. ("Countrywide") and Recontrust Company, N.A., which is no longer a party to this action, removed on the basis of federal claims in the amended complaint. On June 8, 2009, Wong filed a second amended complaint before the court. Countrywide has moved to dismiss. In her opposition, Wong has not contested many of Countrywide's arguments in support of dismissal. Wong also failed to appear at the motion hearing on July 31, 2009. For the reasons stated below, the court grants Countrywide's motion to dismiss.

## I. BACKGROUND

On May 2, 2006, Wong obtained two loans in the amounts of $648,750 and $129,750 from First Magnus Financial Corporation ("FMFC") to purchase the property at 6361 Pismo Court in San

1  Jose, CA ("the Property").  Second Amended Complaint ¶ 1 ("SAC").  Wong alleges that
2  Countrywide acted as the loan servicing agent in this transaction and became "the successor in
3  interest of [her] loans with [FMFC]." SAC ¶¶ 3, 37.  Beyond generalized allegations of
4  wrongdoing, the SAC gives very little concrete detail as to what exactly Wong contends entitles her
5  to relief.

6  According to the complaint, no attempt was made by FMFC to verify Wong's income.  SAC
7  ¶ 20.  If FMFC had verified her income, Wong alleges, they would have realized that she would not
8  have been able to make the mortgage payments.  *Id.*  Wong also alleges that the loan documents did
9  not adequately disclose the terms of the loan, nor provide other disclosures required by law.  *Id.* ¶
10 31.  Wong states that she did not become aware of the true cost of the loan until closing and that the
11 nature of her adjustable rate loan was not properly disclosed to her.  *Id.* ¶ 32. Around April 10, 2008,
12 a Notice of Default was recorded with the Santa Clara County Recorder's Office.  *Id.* ¶ 33.[1]  On July
13 18, 2008, a Notice of Trustee's Sale was filed in the same office.  *Id.*  After the trustee's sale, the
14 property was conveyed to Countrywide.  *Id.* ¶ 34.

15 Wong's second amended complaint brings suit for 1) an accounting; 2) breach of the
16 covenant of good faith and fair dealing; 3) violation of California Civil Code §§ 1920, 1921; 4)
17 violation of California Civil Code § 1916.7; 5) rescission;  6) breach of fiduciary duty; 7) set aside
18 sale; 8) cancel trustee's deeds; and 9) quiet title.  Of the four named defendants, only Countrywide
19 has moved to dismiss.

20                    **II. ANALYSIS**

21 Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a
22 plaintiff's allegations fail to state a claim upon which relief can be granted. To survive a motion to
23 dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to
24 relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 2009 WL 1361536, *12 (2009). A
25 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
26 the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  In deciding a

---

[1] At this point in plaintiff's complaint, the numbered paragraph should be 39, but is listed as 33. The rest of the complaint continues from here numbered off one-by-one.  Because of the typo, the complaint includes two sets of paragraphs numbered from 33-39.

ORDER GRANTING MOTION TO DISMISS—No. C-09-01612 RMW
EHM                                                 2

**United States District Court**
For the Northern District of California

motion to dismiss, the court must accept as true all factual allegations, but not legal conclusions, in the complaint. *Id.* at *13.

### A. Standing

Countrywide contends that Wong lacks standing to challenge the foreclosure sale because she has not alleged that the full amount due on the loan has been tendered. In order to challenge the foreclosure sale, plaintiff must indeed allege that the amount due has been tendered. *United States Cold Storage v. Great Western Savings & Loan Assn.*, 165 Cal.App.3d 1214, 1222 (1985). *Wood v. Aegis Wholesale Corp.*, 2009 WL 1948844, *9 (E.D.Cal. 2009) (denying injunctive relief to a borrower challenging a foreclosure sale without having tendered the amount due on the loan). Wong does not allege that the amount due on the loan has been tendered, and therefore lacks standing at least to set aside the foreclosure sale. The court nonetheless considers the merits of those claims below.

### B. Accounting

In her complaint, plaintiff demands an accounting against all defendants. SAC ¶ 39-41. However, in her opposition to this motion, she does not contest the dismissal of this cause of action. The right to an accounting is derivative and depends on the validity of a plaintiff's underlying claims. *Duggal v. G.E. Capital Commc'n Serv., Inc.*, 81 Cal. App. 4th 81, 95 (2000); *Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 593-94 (1995). Here, since the court finds that plaintiff has alleged no basis for a finding of fraud nor sufficiently pled any of her claims of misconduct against Countrywide, the court rules that plaintiff does not have a right to an accounting. Additionally, plaintiff has not alleged that she is due any monies from defendants. Absent such a claim, she has no right to an accounting. *See Baxter v. Krieger*, 157 Cal. App. 2d 730, 732 (1958).

### C. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff alleges a breach of the covenant of good faith and fair dealing by defendants FMFC and Countrywide only. Plaintiff's stated basis for breach appears to be a fraudulent concealment theory: ". . . Defendants, despite fraudulently and intentionally understating the finance charge and intentionally failing to disclose this fact to the Plaintiff, continued to collect monthly payments calculated on the wrong loan amount and loan balance." SAC ¶ 46. Plaintiff also alleges that

ORDER GRANTING MOTION TO DISMISS—No. C-09-01612 RMW
EHM                                   3

1  defendants "fail[ed] to disclose that they agreed to form and operate a business relationship wherein
2  Defendant FIRST MAGNUS was given the right to assign, sell or otherwise transfer the unlawfully
3  originated loans to their fellow Defendants and each Defendant would be able to unlawfully assign,
4  sell or otherwise transfer the loans for a profit . . ." *Id.* ¶ 47.

5  Every contract "imposes upon each party a duty of good faith and fair dealing in its
6  performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 798
7  (2008). To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must
8  establish the existence of a contractual obligation, along with conduct that frustrates the other party's
9  rights to benefit from the contract. *See Racine & Laramie v. Dep't of Parks & Rec.*, 11 Cal. App. 4th
10 1026, 1031 (1992); *see also Gus v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349-50 (2000).

11 Plaintiff makes many general allegations against the collective "Defendants" without
12 distinguishing between them. For this reason, it is difficult to ascertain precisely how Countrywide
13 itself breached the covenant of good faith and fair dealing. Plaintiff has also failed to establish the
14 specific contractual obligation that Countrywide is alleged to have breached. Furthermore, as
15 Countrywide points out, plaintiff's allegations, particularly with respect to the understated finance
16 charge, largely center upon actions taken by the original lender FMFC. SAC ¶ 34. Plaintiff's
17 charges against Countrywide, the successor-in-interest to FMFC, appear then to be premised on
18 some sort of assignee liability. However, "the general rule is that the mere assignment of rights
19 under an executory contract does not cast upon the assignee the obligations imposed by the contract
20 upon the assignor." *Enterprise Leasing Corp. v. Shugart Corp.*, 231 Cal. App. 3d 737, 745 (1991).
21 Plaintiff's claim for breach of the covenant of good faith and fair dealing must fail.

22     **D.**    **California Statutory Violations**

23 Plaintiff's third and fourth causes of action allege violations of California Civil Code §§
24 1920, 1920, 1916.7 against Countrywide and FMFC. SAC ¶¶ 50-60. In her opposition to this
25 motion, she does not contest the dismissal of these claims. As to sections 1920 and 1921, the
26 complaint does not state what those sections require, nor what conduct of defendants constitutes a
27 violation. The allegation that the statutes were violated is conclusory, and fails to satisfy Rule 8's
28

ORDER GRANTING MOTION TO DISMISS—No. C-09-01612 RMW
EHM      4

1  requirement that the complaint provide "a short and plain statement of the claim showing that the
2  pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

3      The complaint does allege that Wong never received a required disclosure regarding the
4  adjustable rate aspect of her loan. SAC ¶ 31. But as Countrywide points out, section 1916.7 applies
5  only to mortgage loans made pursuant to it. CAL. CIV. CODE § 1916.7(b). Wong has not alleged
6  facts showing that 1916.7 applied to her loan nor has she pled facts indicating the specific manner
7  by which Countrywide violated the statute. Without more, Wong's third and fourth claims must be
8  dismissed.

9      In her opposition brief, Wong attempts to add for the first time a cause of action for unfair
10 business practices under CAL. BUS. & PROF. CODE § 17200. Pl.'s Opp'n 6:19-7:5. To properly add
11 a cause of action, Wong must amend her complaint pursuant to Federal Rule of Civil Procedure
12 15(b). Because Wong has already amended her complaint twice, she must seek the defendants'
13 consent or the court's leave to amend a third time. *See* FED. R. CIV. PRO. 15(a)(2).

14     **E.**    **Rescission Based on Fraud**

15     Plaintiff's claim for rescission is premised on various allegations of fraudulent misconduct
16 against Countrywide and FMFC, none of which are stated with enough "particularity" to pass muster
17 under Federal Rule of Civil Procedure 9(b). Once again, Wong does not differentiate between the
18 two defendants, making it impossible for the court to "identify the role of each defendant in the
19 alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting
20 *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)). Wong does not state
21 the content of the alleged misrepresentations made by Countrywide nor assert how they were false in
22 any way. Plaintiff does not adequately plead the fraud underlying her rescission claim with
23 particularity.

24     **F.**    **Breach of Fiduciary Duty**

25     Plaintiff appears to ground her cause of action for breach of fiduciary duty on two theories:
26 first, that Countrywide, as a mortgage broker, owes a fiduciary duty to its clients under California
27 law; and second, that Countrywide, conspired with FMFC to breach this fiduciary duty. Ordinarily,
28 a commercial lender does not owe a fiduciary duty to its borrower. *Kim v. Sumitomo Bank*, 17 Cal.

ORDER GRANTING MOTION TO DISMISS—No. C-09-01612 RMW
EHM    5

1 App. 4th 974, 979-81 (1993); *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989). A commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (citing *Kruse v. Bank of America*, 202 Cal. App. 3d 38, 67 (1988)). Absent "special circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006). Plaintiff has not alleged the existence of any special circumstances that would create a fiduciary relationship between either Countrywide or FMFC with her.

Because neither Countrywide nor FMFC owed a fiduciary duty to plaintiff, plaintiff cannot establish any theory of liability by which to state a claim for breach against them. Therefore, plaintiff's conspiracy claim must also fail. In any case, plaintiff's allegations are so bare that they do not adequately state a cause of action for civil conspiracy. *See Unruh v. Truck Ins. Exch.*, 7 Cal. 3d 616, 631 (1972) ("To state a cause of action for conspiracy the complaint must allege: (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting.")

### G. Set Aside Sale and Cancellation of Trustee's Deeds

Plaintiff asks the court to declare as void the trustee's deed conveying the property to Countrywide. Plaintiff does not provide any basis in law or fact for the court to make this determination. In her opposition to this motion, she does not contest the dismissal of these causes of action. Dismissal is proper where there is either "a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Here, other than conclusory statements, plaintiff has not alleged how the trustee's deed is invalid nor why the deed should not be given effect as a legal document. Thus, dismissal of her seventh and eighth causes of action is appropriate.

### H. Quiet Title

Plaintiff seeks to quiet title against the claims of all defendants. In her opposition to this motion, she does not contest the dismissal of this claim. To state a claim for quiet title, plaintiff must include the following in her complaint: "(a) A description of the property that is the subject of the

United States District Court
For the Northern District of California

action; (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title; (c) The adverse claims to the title of the plaintiff against which a determination is sought; (d) The date as of which the determination is sought; (e) A prayer for the determination of the title of the plaintiff against the adverse claims." CAL. CIV. PROC. CODE § 761.020.

Plaintiff fails to state a claim because she does not plead any of the first four elements of a proper cause of action to quiet title. Without more, a simple prayer for relief does not state a claim. Plaintiff's claim to quiet title must be dismissed.

### III.  ORDER

For the reasons stated above, the court:

1) grants Countrywide's motion to dismiss the following of plaintiff's claims with prejudice: accounting; breach of the covenant of good faith and fair dealing; violation of California Civil Code §§ 1920, 1921, and 1916.7; cancel trustee's deeds; and quiet title.

2) grants Countrywide's motion to dismiss the remaining causes of action without prejudice. Plaintiff shall have 20 days to make a final attempt to amend in accordance with this order.

DATED:    08/20/09

RONALD M. WHYTE
United States District Judge

Case 5:09-cv-01612-RMW    Document 28    Filed 08/20/09    Page 8 of 8

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Reuben Lagbao Nocos          rlnocos@nocoslaw.com

**Counsel for Defendants:**

Christopher Louis Dueringer     cldueringer@bryancave.com
Robert E. Boone , III           reboone@bryancave.com
Sarah Gohmann Bigelow           sarah.gohmann@bryancave.com
Benjamin J.B. Allen             ben.allen@bryancave.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     08/20/09                         JAS
                                         **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER GRANTING MOTION TO DISMISS—No. C-09-01612 RMW
EHM                                           8